UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HAPPY HOME HEALTH CARE, INC. ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| v. ) | Civil No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**PRELIMIINARY STATEMENT**

1. This is a civil action for return of property wrongfully levied from the Plaintiff by the Internal Revenue Service.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(a)(1) and 26 U.S.C. §7426.  This Court is a proper venue for this action pursuant to 28 U.S.C. §1402(a)(2), because the Plaintiff has its principal place of business in Minneapolis, Minnesota.

**ALLEGATIONS**

3. Plaintiff Happy Home Health Care, Inc., ('Happy Home Health Care') is a corporation formed and organized under the laws of Minnesota in 2007.

4. Happy Home Health Care began operations in 2009 through its principal office at 3300 Penn Ave., Minneapolis, Minnesota 55412.  The business of Happy Home Health Care has been to provide home health care services to individuals.

5. When it started operations in 2009, Happy Home Health Care properly obtained an Employer Identification Number from the Internal Revenue Service.

1

6. From 2009 through 2013, Happy Home Health Care generally properly filed federal income tax returns, including Form 1120 for income tax and Forms 940 and 941 for employment taxes.

7. From 2009 through 2013, Happy Home Health Care properly held itself out to be a corporation and conducted business in its own name. In particular, Happy Home Health Care was licensed as a qualified home health care provider with the State of Minnesota, Department of Human Services, which through its reimbursement programs provided substantially all of the revenues of Happy Home Health Care.

8. For 2009 through 2013, Happy Home Health Care properly maintained and operated bank accounts in its name.

9. At all times relevant, Happy Home Health Care has been owned by Sue Yang and Gaohmong Chang, who are married to each other. At the start of the operations of Home Health Care in 2009, Mr. Yang and Ms. Chang did not contribute substantial assets to Happy Home Health Care.

10. For tax years 2005 through 2008, Sue Yang incurred substantial federal income tax liabilities. These liabilities resulted from an audit by the Internal Revenue Service and were assessed in August 2009.

11. In mid-2013, the Internal Revenue Service began issuing levies in the name of Happy Home Health Care as nominee/alter ego/transferee of Sue Yang. These levies were issued to parties holding property of Happy Home Health Care, e.g. banks that held accounts in the name of Happy Home Health Care and the Minnesota Department of Human Services, which had reimbursement payables due to Happy Home Health Care.

12. Through such levies, the Internal Revenue Service collected amounts as follows:

| levy date* | amount | applied to income tax Sue Yang, tax year |
|---|---|---|
| 8-27-13 | $ 45,747.96 | 2005 |
| 8-27-13 | $ 49,877.84 | 2006 |
| 8-27-13 | $ 14,009.37 | 2007 |
| 9-12-13 | $ 49,184.78 | 2007 |
| 10-10-13 | $ 70,787.14 | 2007 |
| 10-10-13 | $ 12,008.01 | 2008 |
| 12-5-13 | $ 16,692.63 | 2008 |
| total | $258,307.73 | |

* Levy date is the date the levy proceeds are recorded as received in the Internal Revenue Service Account Transcripts for Sue Yang.

## COUNT I - WRONGFUL LEVY

13. Paragraphs 1 - 12 are incorporated herein by reference.

14. State law generally governs property rights to which a federal tax lien or levy attaches. There is no question that the amounts hereinbefore described that were levied upon and applied to the income tax accounts of Sue Yang were not property of Sue Yang, but are property of Happy Home Health Care.

15. Under state law principals, which apply to federal tax liens and levies, property of a corporation owned by a liable party may be taken to pay the debts of the liable party under 'nominee', 'alter ego' and/or related theories. See, United States v. Scherping, 187 F.3d 796 (8th Cir. 1999). Under Minnesota law, applicable in this case, in order for such 'alter ego' liability to apply, there must be 1) a wholesale disregard of the corporate form, and 2) a fundamental unfairness that results if the corporate form is respected for purposes of the collection of debts of the liable party. See, Victoria Elevator Co. of Minneapolis v. Meriden Grain Co., 283 N.W.2d 509 (Minn. 1979).

16. In this case, 'alter ego' principles do not apply such that the property of Happy Home Health Care was properly levied upon to pay the income tax debts of Sue Yang. There was no wholesale disregard of the corporate form. Nor does a fundamental unfairness result from respecting the separate existence of Happy Home Health Care.

17. Further, in this case, principles of successor liability do not apply such that the property of Happy Home Health Care was properly levied upon to pay the income tax debts of Sue Yang, even assuming Happy Home Health Care was carrying on a business similar to that carried on by Sue Yang as a sole proprietorship prior to the formation of Happy Home Health Care. Minnesota follows a restrictive standard on successor liability - liability does not generally follow even a complete transfer of business assets. <u>See</u>, <u>Niccum v. Hydra Tool Corp.</u>, 438 N.W.2d 96 (Minn. 1989).

18. Happy Home Health Care also is not liable for transferee liability with respect to the income tax debts of Sue Yang. The Internal Revenue Service has not followed statutory transferee liability procedures under 26 U.S.C. §6901. Nor were substantial assets transferred from Sue Yang to Happy Home Health Care such that transferee liability under 26 U.S.C. §6901 would apply.

19. Therefore, the Internal Revenue Service, with respect to the amounts described in paragraph 12, wrongfully levied the property of the Plaintiff.

**PRAYER FOR RELIEF**

20. Wherefore, the Plaintiff prays that this Court order the refund and return to the Plaintiff of the property hereinbefore described that was property of the Plaintiff seized by the Internal Revenue Service and applied to pay the income tax debts of Sue Yang, and any such amounts similarly seized and applied within the nine months preceding the initiation

of this action, with interest, costs, and fees to which the Plaintiff is entitled, and to order such other relief to which the Plaintiff may be entitled.

## JURY TRIAL DEMAND

21. A jury trial is demanded in this case.

Date:__12/30/13____                              By:__/s/ Eric Johnson_____
                                                 Eric Johnson
                                                 (Bar ID MN 263333)
                                                 Attorney for Plaintiff
                                                 U.S. Bank Center
                                                 101 E. Fifth Street, Suite 910
                                                 St. Paul, MN 55101
                                                 Telephone:    (651) 224-6638
                                                 Facsimile:    (651) 224-1043
                                                 Email eric.johnson@johnsontaxlaw.com