UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Happy Home Health Care, Inc.,

                Case No. 13cv3646 (MJD/HB)

 Plaintiffs,

v.              **MEMORANDUM OF LAW
                AND ORDER**

United States of America,

 Defendant.

_____

 Eric Johnson, Counsel for Plaintiffs.

 Michael R. Pahl, Trial Attorney, Tax Division, U.S. Department of Justice, Counsel for Defendant.

_____

 The above-entitled matter comes before the Court on Plaintiff Happy Home Health Care, Inc.'s ("HHHC") objections to the Report and Recommendation of Magistrate Judge Hildy Bowbeer dated April 13, 2016.

 Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court will adopt the Magistrate Judge's findings of fact and conclusions of law in their entirety.

**I.      Background**

HHHC is a business that was formed in 2004 to provide home-health services to Minnesota residents, and is owned by Sue Yang and Gaohmong Chang.  HHHC was first operated as a sole proprietorship, but Yang incorporated HHHC in 2007, and HHHC began operations as a corporation in 2009.

Yang also owns and operates Peev Tax Services, a tax preparation business. Yang also operated this business as a sole proprietorship initially, but incorporated the business in 2007.

From 2005 through 2008, Yang incurred substantial personal federal income tax liabilities.  The IRS conducted audits of his tax returns for those years, and assessed approximately $250,000 in taxes, penalty and interest.  Yang did not challenge any of these assessments, and he did not pay the amounts owed.

To collect on Yang's tax indebtedness, the IRS began issuing levies in the name of HHHC as nominee/alter ego/transferee of Sue Yang in 2013.  These levies were issued to parties holding property of HHHC, including HHHC's bank accounts and the Minnesota Department of Human Services, which had payables due to HHHC.  A total of $258,307.73 was collected through these

levies.

HHHC claims that the IRS has incorrectly designated HHHC as the alter ego of Sue Yang, and that the property of HHHC has been improperly levied to pay the income tax debts of Sue Yang.

This Court denied the Government's motion for summary judgment based on its finding that HHHC had demonstrated there were genuine issues of material fact as to whether HHHC is the alter ego of Sue Yang.  The matter was thereafter referred to the Magistrate Judge to issue proposed findings of fact and conclusions of law.

In the Report and Recommendation dated April 13, 2016, the Magistrate Judge determined that the levies were not wrongful because HHHC is the alter ego of Sue Yang and that the transfer of assets to HHHC were made with actual intent to defraud the United States.  HHHC has filed objections to certain factual findings and conclusions of law.

**II.    Objections to Proposed Findings of Fact**

HHHC objects to paragraph 17 in which the Magistrate Judge recognized the IRS audits of Sue Yang's tax returns for the years 2005 through 2008 revealed that Yang had falsely claimed refunds, failed to report interest income, under-

reported other income and overstated expenses for HHHC.  HHHC objects to the inclusion of this information on the basis that the Government did not produce evidence that these audits were correct.

The Court will overrule this objection as Sue Yang was aware of and did not contest the IRS audits.  In addition, HHHC did not present any evidence at trial to demonstrate that the audits were incorrect.

HHHC further objects to paragraphs 54, 57, 58, 80, and 81 based on general objections as to what information is required on a Form 1120.  HHHC does not, however, object to these paragraphs on the basis that they do not properly recite the facts set forth therein.  Accordingly, the objections to these paragraphs are overruled.

Similarly, HHHC objects to paragraph 61 to the extent that the Magistrate Judge included the phrase "even though" because such phrase suggests the reporting was inherently improper or contradictory.  Because HHHC does not argue the facts contained in paragraph 61 are incorrect, the objection is overruled.

HHHC objects to paragraphs 66, 67, 68, 85, and 97 which reference the testimony of Revenue Agent Margaret Perez.  HHHC argues that because no foundation was laid for Agent Perez to testify as an expert witness, reliance on

her opinions is improper as speculative.

The Government asserts that Agent Perez was called as a summary witness, not as an expert, regarding the voluminous bank and other records that are in evidence. Her testimony was based on HHHC's bank records and tax returns, and is not speculative. For example, the Government asserts that Agent Perez testified that she had reviewed HHHC's bank records, specifically checks made out to Sue Yang in 2011 and 2012. She also testified that she had reviewed Sue Yang's tax returns for those years and determined that Sue Yang did not report all of the income he had received from HHHC. Because her testimony is based on a review of records that have been admitted into evidence, her testimony is not speculative.

Based on its review of Agent Perez's testimony, the Court finds the Magistrate Judge properly characterized Perez's testimony. Accordingly, the objections to her testimony are overruled.

Finally, HHHC objects to paragraph 98 on the basis that the Magistrate Judge overstates the evidence as to Sue Yang's lack of credibility. Based on its de novo review, the Court finds that the Magistrate Judge accurately addressed the credibility issues concerning Sue Yang's testimony. The objection is overruled.

**III.    Objections to Conclusions of Law**

The parties do not dispute the Magistrate Judge's recitation of the applicable law as to whether HHHC is the alter ego of Sue Yang. HHHC does, however, object to a number of the Magistrate's conclusions of law.

HHHC objects to the Magistrate Judge's conclusion 14 - that the evidence presented at trial weighs in favor of concluding that HHHC was the alter ego of Sue Yang. HHHC asserts the personal use of corporate funds in 2009 are too remote in time to when the levies were issued.

HHHC does not object to the Magistrate Judge's finding that Sue Yang had notice of the audit results within days or weeks of the date they were issued. (Proposed Finding No. 21.) The first audit report is dated December 16, 2008. Because it is undisputed that Sue Yang was aware of his tax liabilities as of 2008, evidence as to his use of HHHC funds for his personal use in 2009 is not too remote in time for purposes of making an alter ego analysis. Accordingly, the Court concludes that evidence that Sue Yang siphoned corporate funds for personal use weighs in favor of a finding that HHHC was Sue Yang's alter ego.

HHHC objects to the Magistrate Judge's conclusion that the first step of the alter ego test weighs in favor of concluding that HHHC was Sue Yang's alter

ego[1]. Based on its review of the evidence, such as evidence of nonpayment of dividends, lack of corporate formalities, siphoning of funds by Sue Yang and few corporate records, the Court also finds that the first step of the alter ego test weighs in favor of finding that HHHC is the alter ego of Sue Yang.

With regard to the second step of the alter ego analysis, HHHC objects to conclusion 20, arguing there is no evidence that Sue Yang formed HHHC for the purpose of avoiding his federal tax debt. The Magistrate Judge did not make that conclusion, however. Instead, she found that Sue Yang operated HHHC in an unjust manner toward the United States, based on evidence that HHHC, through Sue Yang, made a $50,000 loan to pay for Sue Yang's residence, when that money could have been used to pay Sue Yang's tax debt, and that HHHC did not report this transaction to the IRS. HHHC argues that it was not necessary to report the loan on its tax returns, as loans to third parties need not be reported. However,

---

[1] Minnesota courts apply a two step analysis to determine whether to disregard the corporate form. "In the first step, the court considers the relationship between the individual and the entity (typically a corporation), focusing on such factors as the 'failure to observe corporate formalities, nonpayment of dividends, ... siphoning of funds [by the individual], ... absence of ... records [for the entity], and the existence of [the entity] as merely a facade for [the individual].' 'Disregard of the corporate entity requires not only that a number of these factors be present, but also that there be an element of injustice or fundamental unfairness.' Thus, in the second step, the court considers the relationship between the entity and the party that seeks to disregard it; only if the entity has operated in a fraudulent or unjust manner toward that party will the entity be disregarded." United States v. Scherping, 187 F.3d 796, 801 (8th Cir. 1999).

the evidence supports the Magistrate Judge's finding that the loan was not a third party loan.

The Court further finds there is sufficient evidence in the record to show a nexus between Sue Yang and the levied funds. As a result, HHHC has not met its burden of showing the levies were wrongful. Accordingly, HHHC's objections to conclusions 21, 22 and 25 are overruled.

HHHC next challenges the Magistrate Judge's determination that the IRS had probable cause to believe Sue Yang was operating HHHC as his alter ego. HHHC argues that to show probable cause, it was necessary for the Government to submit the testimony of an IRS agent involved in the issuance of the levies at issue or put forth evidence to show that the evidence presented at trial was obtained or developed or known to the IRS prior to the issuance of the levies. HHHC argues the only evidence from which to base a finding of probable cause at the time the levies were issued is the evidence that Sue Yang had personal income tax debts during the time that HHHC filed its income tax returns starting in 2009, and that such evidence does not establish probable cause.

As the Magistrate Judge recognized, the Eighth Circuit has declined to decide whether the Government must prove it had probable cause prior to the

issuance of a levy. See Scoville v. United States, 250 F.3d 1198, 1201 n.3 (8th Cir. 2001). Whether or not such a requirement exists, the Court agrees that probable cause existed in this case. At the time the levies issued, the IRS had knowledge of the audits of Sue Yang's personal tax returns and the finding that Yang had committed fraud on his tax returns. The IRS was also aware that Yang did not report the transfer of the sole proprietorship to HHHC, and that Yang had classified himself as an independent contractor for HHHC, so that HHHC did not have to report Yang's income to the IRS.

In addition to the alter ego theory, the Government argued in the alternative that the levies were not wrongful because there is a nexus between the levied funds and Sue Yang based on Yang's fraudulent conveyance of property from the sole proprietorship to HHHC. The Magistrate Judge analyzed this theory under Minnesota law, recognizing that Minnesota follows the traditional approach to corporate successor liability. It is HHHC's position that "it is a bedrock principle" of transferee liability that liability is limited to the value of the property transferred, citing to United States v. Floersch, 276 F.2d 714, 717 (10th Cir. 1960). Because the Government provided no evidence as to the value of the assets allegedly transferred to HHHC, HHHC argues it cannot prevail under this

theory.

The law of the Eighth Circuit does not support HHHC's argument. Instead, the Eighth Circuit has repeatedly found that where property is fraudulently transferred to another entity, such as a trust or corporation, the Government may levy on the property of the trust or corporation, without reference to the value of the assets transferred. See <u>F.P.P. Enterprises v. United States</u>, 830 F.2d 114, 117 (8th Cir. 1987) (finding that where there is evidence of a fraudulent conveyance, or that a trust is the alter ego of the tax debtor, the Government may levy the trust property to satisfy the tax debtor's tax liability); <u>Loving Saviour Church v. United States</u>, 728 F.2d 1085, 1086 (8th Cir. 1984) (finding that property held in name of a church and business trust pursuant to fraudulent conveyances and alter ego may be levied to satisfy tax liabilities). See also <u>Valley Mining, LLC v. United States</u>, No. 06-3667, 2012 WL 5389976 (D. Minn. Oct. 1, 2012 )(Report and Recommendation) (same).

Here, there is ample evidence in the record to support the Magistrate Judge's conclusion that the transfer of assets of the sole proprietorship Happy Home Health Care to HHHC was done with actual intent to defraud the United States, and that HHHC is the alter ego of Sue Yang. Accordingly, the assets of

HHHC may be levied to satisfy Sue Yang's tax liability.

IT IS HEREBY ORDERED that Plaintiff Happy Home Health Care, Inc.'s Complaint [Doc. No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  June 17, 2016

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court
